IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY A. DANKO,           )
                             )
        Plaintiff,           )
                             )
    vs.                      )   Civil Action No. 10-1020
                             )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
        Defendant.           )


O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the

1

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff takes issue with the ALJ's determination that Plaintiff's severe impairment of "borderline intellectual functioning" does not meet or equal Listing 12.05C.

The first part of Listing 12.05 provides:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

Plaintiff claims that the requirements in subsection C have been met, in that she has a valid full scale intelligence quotient of 60 through 70 and other mental impairments imposing additional and significant work-related limitations of function. The Government argues that the ALJ properly concluded that Plaintiff's impairments did meet or equal the listing because she did not establish the requirement in the initial paragraph of "deficits in adaptive functioning."

In order to meet or equal Listing 12.05, Plaintiff must prove both that she experiences "deficits in adaptive functioning" and that she meets the requirements in subsections A, B, C, or D. Cortes v. Comm'r Social Sec., 255 Fed. Appx. 646, 651 (3d Cir. 2007); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A).

While an ALJ need not use any particular language or adhere to a particular format in analyzing the applicability of a listing, she must set forth the reasons for her decision. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). There must be sufficient development of the record and explanation of the findings to permit meaningful review. See Jones, 364 F.3d at 505. The ALJ discussed the inapplicability of Listing 12.05C, citing Plaintiff's reading, writing and math deficits and tenth grade education. Tr. 13-14; see also 20 C.F.R. pt. 404, app. 1, § 12.00C(1) (listing "activities of daily living"). The ALJ noted that Plaintiff was able to carry out a wide range of daily activities, including maintaining her own home with assistance from her children, cooking and cleaning, shopping, using public transportation, and visiting with neighbors. Tr. 13. Such activities are not indicative of deficits in adaptive functioning. See Witt v. Barnhart, 446 F.Supp. 2d 886, 895-96 (N.D. Ill. 2006); Watson v. Barnhart, 2006 WL 2945228 *1 (E.D. Pa. Oct. 13, 2006).

Substantial evidence supports the ALJ's conclusion that Plaintiff did not prove that the severity of her "borderline intellectual functioning" meets Listing 12.05C.

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

<pre>
                                    s/Alan N. Bloch
                                    United States District Judge
</pre>

ecf:    Counsel of record